**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

---

FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

July 24, 2009

David L. Edwards, Esq.
Attorney for Plaintiffs
100 North Phillips Avenue, 9th Floor
Sioux Falls, South Dakota  57104

Laura L. Kulm Ask, Esq.
Attorney for Debtors-Defendants
Post Office Box 966
Sioux Falls, South Dakota  57101-0966

Subject: *Thomas Ortman and Jennifer Ortman v. Ricky Lee DeJager and Carolyn Dawn DeJager* (*In re DeJager*), Adv. No. 09-4008; Chapter 11, Bankr. No. 09-40031

Dear Counsel:

The matter before the Court is the Motion for Summary Judgment filed by Plaintiffs Thomas Ortman and Jennifer Ortman.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order and summary judgment shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As discussed below, Plaintiffs' motion will be granted.

**Facts.**  On January 23, 2009, Ricky Lee DeJager and Carolyn Dawn DeJager ("Debtors") filed a petition for relief under chapter 11 of the bankruptcy code (bankr. doc. 1).  Debtors listed Thomas and Jennifer Ortman ("Ortmans") as unsecured creditors on their schedule F (bankr. doc. 28).

On March 16, 2009, the Ortmans commenced the instant adversary proceeding by filing a Complaint to Determine Interest in Constructive Trust Proceeds (bankr. no. 51; adv. doc. 1).  Debtors filed an answer (adv. doc. 5), and following an initial pre-trial conference (adv. doc. 7), the Ortmans filed the motion for summary judgment (adv. doc. 9) that is now before the Court.

In their Response to Plaintiffs' Statement of Undisputed Material Facts (adv. doc. 15-2), Debtors agreed the following facts set forth in the Ortmans' Statement of Undisputed Material Facts (adv. doc. 11) are undisputed:[1]

5.   [A] log home was to be constructed on the Ortmans' land, Lot 12,

---

[1] The Ortmans' citations to the record are omitted.

Re: *Ortman v. DeJager*
July 24, 2009
Page 2

Block 2, Law Overlook Subdivision, in Yankton County, South Dakota.[2]

. . .

20. The [Ortmans'] home was destroyed by a fire on December 22, 2007.

21. The cause of the fire could not be determined.

. . .

28. Shortly after the fire, on December 27, 2007, the Ortmans commenced a lawsuit presently styled as *Thomas and Jennifer Ortman, Plaintiffs, v. Rick DeJager, Carolyn DeJager, and DeJager Construction & Log Homes, Inc., Defendants*, in Circuit Court of South Dakota, First Judicial Circuit, County of Yankton (Civ. No. 08-17) [the "state court action"].

29. The Ortmans sought damages for, *inter alia*, breach of contract.

30. Defendant [DeJager Construction & Log Homes, Inc.] filed a counterclaim against [the Ortmans] and claimed it was still owed money for work on the home.

31. On January 25, 2008, the Ortmans moved in the [state court action] for an Order requiring Defendant [DeJager Construction & Log Homes, Inc.] to deposit the builder's risk insurance proceeds in a constructive trust under control of the State Court for later distribution in accordance with the disposition of the [state court action].[3]

. . .

33. DeJager Construction [& Log Homes, Inc.] filed no objection to the Motion for Constructive Trust, except by filing an "Affidavit of Melissa Brunick."

---

[2] The construction contract, which is attached as Exhibit 1 to the Affidavit of Thomas Ortman (adv. doc. 12) in support of the Ortmans' motion for summary judgment, was between DeJager Construction & Log Homes, Inc. and the Ortmans. In ¶ 4 of their Response to Plaintiffs' Statement of Undisputed Material Facts (adv. doc. 15-2), Debtors acknowledged the existence of the construction contract.

[3] The underlying insurance policy, which is attached as Exhibits 10 and 11 to the Affidavit of Thomas Ortman (adv. doc. 12) in support of the Ortmans' motion for summary judgment, named DeJager Construction & Log Homes, Inc. as the insured. In ¶ 19 of their Response to Plaintiffs' Statement of Undisputed Material Facts (adv. doc. 15-2), Debtors acknowledged the existence of the insurance policy.

Re: *Ortman v. DeJager*
July 24, 2009
Page 3

34. In the affidavit of Melissa Brunick, DeJager Construction [& Log Homes, Inc.] requested that $257,668.52 of the $750,000 of proceeds be excepted from the trust and delivered directly to DeJager Construction [& Log Homes, Inc.] because that was the amount [it] claimed to be owed at that point.

. . .

42. The [state] court entered its Order Imposing Constructive Trust on February 19, 2008.[4]

43. On March 11, 2008, $750,000 was remitted to CorTrust Bank as Trustee under the [Order Imposing Constructive Trust].

. . .

49. The Ortmans moved for relief of the automatic stay to exercise [their] state law remedies and proceed to trial of the [state court action].

. . .

51. The [state court action] was tried to a Yankton County Jury from February 25 through March 2, 2009.

---

[4] The state court's Order Imposing Constructive Trust, which is attached as Exhibit 15 to the Affidavit of Thomas Ortman (adv. doc. 12) in support of the Ortmans' motion for summary judgment, provided in pertinent part:

For good cause shown, it is hereby

ORDERED, ADJUDGED AND DECRE[E]D that a constructive trust subject to court approval be imposed on the proceeds of the builder's risk policy benefits under Defendants/Third Party Plaintiffs' policy with Allied Insurance Company, Policy Number ACP7202783255; it is further

. . .

ORDERED, ADJUDGED AND DECREED that monies from the constructive trust imposed by this Order be held in trust until such time as this Court enters an Order providing for distribution of the proceeds of the constructive trust; it is finally

ORDERED, ADJUDGED AND DECREED that all parties cooperate with one another to make arrangements for setting a court trial in the near future regarding the conflicting claims and the priorities of those claims to the monies that may become available under the builder's risk coverage.

Re: *Ortman v. DeJager*
July 24, 2009
Page 4

. . .

61. The Ortmans requested damages of $260,484.

62. The jury returned a verdict in the [Ortmans'] favor for $234,632.53, and the court entered a judgment against DeJager Construction [& Log Homes, Inc.] in the amount of $234,632.53, plus prejudgment interest in the amount of $35,194.88 [and] disbursements in the amount of $7,673.23, for a total award of $277,500.64.

63. DeJager Construction [& Log Homes, Inc.] was awarded nothing on its counterclaim against [the Ortmans].

64. Following entry of the Judgment, DeJager Construction [& Log Homes, Inc.] filed a Motion for Remittitur.

. . .

66. The Ortmans have filed a Notice of Appeal with the South Dakota Supreme Court.

67. As of December 31, 2008, approximately $155,214.69 remains held with CorTrust Bank as Trustee under the [Order Imposing Constructive Trust], with continuing interest from and after that date.

**Summary Judgment.** Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997); *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986), and citations therein). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet*, 972 F.2d at 1490.

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for

Re: *Ortman v. DeJager*
July 24, 2009
Page 5

trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

**Discussion.** The issue presented is whether the insurance proceeds being held in constructive trust pursuant to the state court's order are property of Debtors' bankruptcy estate. They are not.

The filing of a petition for relief under the bankruptcy code creates a bankruptcy estate comprised of, *inter alia*, all the debtor's legal and equitable interests in property on the petition date. 11 U.S.C. § 541(a)(1). This seemingly all-encompassing language is tempered somewhat by other provisions of the bankruptcy code. *See, e.g.*, 11 U.S.C. § 541(b)(1) (property of the estate does not include any power the debtor may exercise only for the benefit of another entity); 11 U.S.C. § 541(c)(2) (a restriction on the transfer of the debtor's beneficial interest in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a bankruptcy case); and 11 U.S.C. § 541(d) (property in which the debtor holds only legal title is property of the estate only to the extent of the debtor's legal title). In determining the existence and extent of a debtor's legal and equitable interests in property, the Court must look to state law or other applicable nonbankruptcy law. *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

Generally, a debtor's insurance policy and any rights the debtor has against the insurer are property of the bankruptcy estate. *In re David Lee Klundt and Sharon Ruth Klundt*, Bankr. No. 05-42197, slip op. at 9-10 (Bankr. D.S.D. March 3, 2008) (citations therein). Whether the proceeds of a particular policy are also property of the bankruptcy estate depends on the nature of the policy and the debtor's right to receive the proceeds. *Id*. at 10-11 (citations therein).

In this case, the subject insurance policy clearly and unambiguously names DeJager Construction & Log Homes, Inc. – not Debtors – as the insured, and nothing in the policy suggests Debtors were entitled to receive the proceeds. Consequently, neither the policy nor the proceeds are property of their bankruptcy estate.[5]

Moreover, even if Debtors had been named as the insured and would otherwise have been entitled to the proceeds, the constructive trust imposed on the proceeds by the state court would have the effect of excluding the proceeds from Debtors'

---

[5] The Court is mindful of the fact that in their answer (adv. doc. 5), Debtors referred to the policy as theirs, claimed the proceeds were being held in constructive trust for their benefit, and otherwise generally failed to draw any distinction between DeJager Construction & Log Homes, Inc. and themselves. However, the record does not support their efforts to disregard the corporate entity, especially when DeJager Construction & Log Homes, Inc. is not a party to these proceedings.

bankruptcy estate.[6] 11 U.S.C. § 541(d); *Klundt*, slip op. at 12-13 ("An example of property excluded under § 541(d) would be property on which state law impressed a constructive trust before the bankruptcy.") (citing *Amedisys, Inc. v. National Century Financial Enterprises, Inc.*, 423 F.3d 567, 575-76 (6th Cir. 2005) (citations therein)); *Morken v. Ries* (*In re Morken*), 199 B.R. 940, 966 n.36 (Bankr. D. Minn. 1996) ("If a constructive trust is imposed by a court prior to bankruptcy, the property does not become property of the estate pursuant to § 541(a) and (d)[.]"). Debtors essentially conceded this point in their brief in support of their response to the Ortmans' motion for summary judgment (adv. doc. 15-1).

The Court will enter an order granting the Ortmans' motion for summary judgment.[7]

Sincerely,

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

cc:  adversary file (docket original and serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[6] On July 2, 2009, DeJager Construction & Log Homes, Inc. filed its own chapter 11 case (Bankr. No. 09-40514). It is highly likely the constructive trust has the effect of excluding the insurance proceeds from DeJager Construction & Log Homes, Inc.'s bankruptcy estate.

[7] Because the insurance proceeds are not property of Debtors' bankruptcy estate, the Court has no jurisdiction over them – at least in Debtors' bankruptcy case – and must therefore decline the Ortmans' invitation to determine how the remaining proceeds should be distributed.